IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MARJORIE TOWNLEY,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CASE NO. 09-CV-2109 EFM/KMH** |
| ) | |
| **AMERICAN BOOK CO., D/B/A** ) | |
| **BOOK WAREHOUSE OF OLATHE,** ) | |
| **KANSAS, INC.** ) | |
| ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

### DEFENDANT'S MEMORANDUM IN SUPPORT
### OF ITS MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(6) and District of Kansas Local Rule 7.1, Defendant American Book Co., d/b/a/ Book Warehouse of Olathe, Kansas, Inc.[1] submits the following suggestions in support of its motion to dismiss.

### I.     INTRODUCTION

On March 5, 2009, Plaintiff Marjorie Townley filed her Complaint against Defendant. Plaintiff brings three claims in the Complaint before this Court alleging that she was subjected to gender discrimination, religious discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. This Court has jurisdiction over Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1331 and 1332.

---

[1] American Book Co. d/b/a Book Warehouse of Olathe, Kansas was improperly named as Defendant in this lawsuit. Blue Vase, Inc. was Plaintiff's employer and is the proper Defendant in this action

## II.  ARGUMENT

**A.  <u>Legal Standard</u>**

Pursuant to FED. R. CIV. P. 12(b)(6), a court is required to dismiss a complaint if it fails to state a claim upon which relief can be granted.  Dismissal under Rule 12(b)(6) serves to dispose of claims, which are fatally flawed in their legal premises and destined to fail, and thereby dispenses with needless fact-finding and discovery.  *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).  When ruling on a motion to dismiss, a court must take the allegations of the complaint as true and construe the complaint in all reasonable inferences in a light most favorable to the non-moving party.  *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).

In *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007), the United States Supreme Court recently addressed what is required of a plaintiff under FED. R. CIV. P. 8(a)(2) to avoid dismissal.  The Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of [her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964-65 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id. (citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).  Addressing the dissenting justices, the Court stated:

> Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests. *See* 5 Wright & Miller § 1202, at 94, 95 (Rule 8(a) "contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented" and

does not authorize a pleader's "bare averment that he wants relief and is entitled to it").

*Id*. at 1965 n.3; *see Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 n.2 (10th Cir. 2007); *Raytheon Aircraft Co. v. U.S.*, 501 F. Supp. 2d 1323, 1327 (D. Kan. 2007); *Sprague v. Kasa Industrial Controls, Inc.*, No. 07-4139-JAR, 250 F.R.D. 630 (D. Kan. July 16, 2008). As set forth in detail below, Plaintiff has failed to satisfy even the liberal notice pleading requirements of the Federal Rules of Civil Procedure. Accordingly, Plaintiff's Complaint must be dismissed.

**B.      Dismissal of Count I**

Count I of Plaintiff's Complaint, discrimination on the basis of gender in violation of Title VII, must be dismissed because Plaintiff has failed to satisfy the pleading requirements of the Federal Rules of Civil Procedure. In order to present a prima facie case of gender discrimination, Plaintiff must present sufficient factual allegations to meet the well-recognized test set forth in *McDonnell Douglas v. Green*, 411 U.S. 792, 804 (1973), which requires that: (1) she was a member of a protected class; (2) she was qualified for her job; (3) she suffered an adverse employment action; and (4) there are facts that give rise to an inference of unlawful gender discrimination, typically by showing that she was treated differently from similarly situated males. Here, Plaintiff has merely provided a formulaic recitation of the elements. *Sprague*, 250 F.R.D. at 633-34. She has claimed that she is female and was subject to certain "unwelcome and offensive sexually demeaning comments and behavior." Doc. 1, Complaint ¶¶ 21, 22. She also claims that she has suffered "substantial injury." *Id*. at ¶ 24. Yet, she has not alleged any adverse employment action that she suffered solely because of her gender. Without the necessary facts in the Complaint to support this claim, Plaintiff has not "nudged [her] claim [] across the line from conceivable to plausible." *Lara v. Unified School Dist. 501*, No. 06-4145 RDR, 2008 WL 58870, at *9 (D. Kan. Jan. 3, 2008) (quoting *Bell Atlantic Corp. v. Twombly*,

127 S.Ct. 1955, 1974 (2007). By failing to allege facts to support the elements of a gender discrimination claim, Plaintiff's first Count must be dismissed.[2]

C.     **Dismissal of Count II**

Count II of Plaintiff's Complaint, discrimination on the basis of religion in violation of Title VII, must be dismissed because Plaintiff has failed to satisfy the pleading requirements of the Federal Rules of Civil Procedure. In order to present a prima facie case of religious discrimination, Plaintiff must present sufficient factual allegations to establish that: (1) she was a member of a protected class; (2) she informed the employer of her belief; and (3) she was discriminated against because of her belief. *See Toledo v. Nobel-Sysco, Inc*., 892 F.2d 1481, 1486 (10th Cir. 1989). Here, Plaintiff has merely provided a formulaic recitation of the elements. *Sprague*, 250 F.R.D. at 633-34. She has claimed that her employer should have investigated whether a manager's conduct and management style "might be offensive to her due

---

[2] It would appear that the claim stated in Count I might be better entitled a claim for hostile work environment based on gender. However, Plaintiff has not pled sufficient facts to "state a claim for relief that is plausible on its face" under this theory either. *See Sprague*, 250 F.R.D. at 631. While Plaintiff spends several paragraphs alleging that Defendant did not have any policy or respond appropriately to her complaint, she has not alleged sufficient facts to establish a claim for hostile work environment. "In order to establish that [s]he worked in a sexually hostile environment, a plaintiff must plead 'more than accidental or sporadic incidents of discrimination; [plaintiff] must show that discrimination was the company's standard operating procedure--the regular rather than the unusual practice.'" *See Pitre v. W. Elec. Co., Inc.,* 843 F.2d 1262, 1267 (10th Cir. 1988) (quoting *Int'l Bd. of Teamsters v. United States,* 431 U.S. at 336 n. 16, 97 S. Ct. at 1855 n. 16). Further, to state a discrimination claim based on an allegedly hostile work environment, Plaintiff must establish that "the workplace is permeated with 'discriminatory intimidation, ridicule, and insult, . . . that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment . . .'" *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993) (internal brackets and quotation marks omitted). Further, Plaintiff must also show that the alleged harassment was based on a protected characteristic and was of such nature that a reasonable person in that same position would be detrimentally affected. *See Bolden v. PRC Inc.*, 43 F.3d 545, 551 (10th Cir. 1994) ("General harassment if not racial or sexual is not actionable."). Here, Plaintiff has not pled any factual allegation regarding the nature or frequency of any alleged comments. Plaintiff has not pled any facts which would entitle her to relief under a claim for hostile work environment.

to her religious beliefs." Doc. 1, Complaint ¶¶ 33. Yet, she has not alleged that she informed her employer about her beliefs, nor has she alleged any adverse employment action that she suffered because of her religion. By failing to allege facts to support the elements of a religious discrimination claim, Plaintiff's second Count must be dismissed.[3]

**D.      Dismissal of Count III**

Count III of Plaintiff's Complaint, retaliation in violation of Title VII, must be dismissed because Plaintiff has failed to satisfy the pleading requirements of the Federal Rules of Civil Procedure. In order to present a prima facie case of retaliation under Title VII, Plaintiff must present sufficient factual allegations that she engaged in protected activity (under the opposition or participation clauses of the respective provisions), suffered an adverse action, and the adverse action occurred because of her protected activity. *Petersen v. Utah Dept. of Corr.*, 301 F.3d 1182, 1188 (10th Cir. 2002). Again, Plaintiff has merely provided a formulaic recitation of the elements. *Sprague*, 250 F.R.D. at 633-34. She has claimed that she has suffered retaliation, without any factual allegations about the alleged adverse action taken. Doc. 1, Complaint ¶¶ 44-46 (claiming retaliation in the "terms and conditions of her employment"). She also claims that

---

[3]  Similar to Count I, it would appear that the claim stated in Count II might be construed as a claim for hostile work environment on the basis of religion. However, Plaintiff has not pled sufficient facts to "state a claim for relief that is plausible on its face" under this theory either. *See Sprague*, 250 F.R.D. at 631. While Plaintiff spends several paragraphs alleging that Defendant did not have any policy or respond appropriately to her complaint, she has not alleged sufficient facts to establish a claim for hostile work environment on the basis of religion. *See Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993) (requiring plaintiff to establish a discrimination claim based on an allegedly hostile work environment, to show severe and pervasive workplace permeated with discriminatory intimidation, ridicule, and insult); *Duran v. Utah Dept. of Tech. Servs.*, No. 2:08-CV-973 TS, 2009 WL 102850, at *4 (D. Utah Jan. 14, 2009). Further, Plaintiff must also show that a reasonable person in that same position would be detrimentally affected. *See Bolden v. PRC Inc.*, 43 F.3d 545, 551 (10th Cir. 1994). Here, Plaintiff has not pled any factual allegation regarding the nature or frequency of any comments, where the comments occurred or when they occurred. There is no indication that Plaintiff has pled any facts which would entitle her to relief under a claim for hostile work environment on the basis of her religion.

651755.1

she has suffered "substantial injury." *Id*. at ¶ 47. By failing to allege facts to support the elements of a retaliation claim, Plaintiff's third Count must be dismissed.

### III. CONCLUSION

Wherefore, for the foregoing reasons, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety.

Respectfully submitted this 30th day of March, 2009.

**CONSTANGY, BROOKS & SMITH, LLP**

By: /s Nancy M. Leonard
Nancy M. Leonard, #70478
Megan K. Walawender, #78047
2600 Grand Boulevard, Suite 300
Kansas City, Missouri 64108-4600
Telephone: (816) 472-6400
Facsimile: (816) 472-6401

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 30th day of March, 2009, a copy of the foregoing DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS was served via the Court's electronic filing system, as follows:

Barry R. Grissom   KS # 10866
GRISSOM LAW OFFICE
10990 Quivira, Suite 200
Overland Park, KS 66210
(913) 341-6616 (phone)
(913) 491 6398 (fax)
bgrissom@sprintmail.com
ATTORNEY FOR PLAINTIFF

                    /s/ Nancy M. Leonard_____
                    Attorneys for Defendant