IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARJORIE TOWNLEY,

   *Plaintiff*,

vs.

AMERICAN BOOK CO., D/B/A/ BOOK WAREHOUSE OF OLATHE, KANSAS, INC.,

   *Defendants.*

Case No. 09-2109-EFM

**MEMORANDUM AND ORDER**

Plaintiff Marjorie Townley brings hostile work environment claims based on gender and religion and a retaliation claim against Defendants. Before the Court is Defendants' Motion to Dismiss (Doc.3). For the following reasons, the Court denies the motion.

**I. Factual and Procedural Background**

The following facts are taken from Plaintiffs' proposed Amended Complaint.[1] For the

---

[1] These facts are taken from Plaintiff's *proposed* First Amended Complaint. (Doc. 7-1). During the course of briefing this motion to dismiss, Plaintiff requested leave to file an Amended Complaint. Doc. 7. In making her request for leave to file an Amended Complaint, Plaintiff stated that she was unaware that another corporate defendant was actually the entity that employed her and sought to add the additional entity. Plaintiff attached the proposed Amended Complaint, as she was required to do, to her motion. (Doc. 7-1). In the proposed Amended Complaint, Plaintiff added factual allegations as to the second entity and a few more detailed allegations with respect to her claims. Plaintiff's motion was unopposed, and the Court granted her request. Doc. 13.

  Prior to Plaintiff filing the Amended Complaint with the Court (but after Plaintiff was granted leave to file the Amended Complaint), Defendants filed their reply to their motion to dismiss and stated that the proposed Amended Complaint merely sought to clarify which entity was the former employer of Plaintiff and did not add additional facts. Doc. 14. As the Court noted above, however, the allegations in the Proposed Amended Complaint

purposes of this motion, the Court assumes the truth of these facts. Plaintiff Marjorie Townley is a female and former employee of Defendants American Book Company, d/b/a Book Warehouse of Olathe Kansas, Inc. and Blue Vase, Inc. From the beginning of Plaintiff's employment until the time of her constructive discharge, Defendants subjected Plaintiff to discrimination by allowing ridicule, demeaning, offensive and insulting comments about her gender and religious beliefs that were sufficiently severe or pervasive as to her alter her working conditions. Specifically, Plaintiff alleges that Brian Miller subjected Plaintiff to unwelcome and offensive sexually insulting, ridiculing, and demeaning comments and behavior as well as derogatory statements referring to her gender creating a sexually offensive work environment. In addition, Plaintiff was intimidated, ridiculed, and insulted by Miller to such a degree to create a hostile work environment because of her religious beliefs.

For purposes of this motion we assume that Defendants engaged in the following behavior: they failed to have policies and procedures in place for reporting complaints of discrimination; they allowed Plaintiff's immediate supervisor, Brian Miller, to continue to engage in derogatory, offensive, ridiculing and insulting comments about Plaintiff's sex and religious beliefs, they failed to take prompt remedial steps to correct Miller's behavior after management became aware of Plaintiff's complaints; and they told Plaintiff that she could either work with Miller and his

---

differed slightly and included a few more details. Defendants presumably were aware of the slight differences in the proposed Amended Complaint, because Defendants relied on specific allegations from the proposed Amended Complaint in their reply.

Plaintiff then filed her Amended Complaint on June 18, 2009. Doc. 15. The Court notes that the filed Amended Complaint is not the same as the *proposed* Amended Complaint. The Amended Complaint that was filed adds a little more detail to certain allegations, and there are seven additional allegations. Plaintiff sought leave to file an amended complaint and attached the proposed Amended Complaint to her pleading. As such, Plaintiff should have filed the proposed Amended Complaint rather than substituting a modified complaint. Accordingly, the Court will rely on the allegations in the proposed Amended Complaint. Furthermore, the Court strikes the Amended Complaint filed on June 18, 2009 and directs Plaintiff to file the proposed Amended Complaint attached to her Motion for Leave to File an Amended Complaint (Doc. 7-1) as her Amended Complaint.

management style or she could disagree and be fired. Plaintiff states that she was left with no other option than to be constructively discharged.

Defendants seek to dismiss all claims on the basis that Plaintiff has failed to state a cause of action under Federal Rules of Civil Procedure 12(b)(6).

## II. Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[2] "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[3] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[4]

In determining whether a claim is facially plausible, the court must draw on its judicial experience and common sense.[5] All well pleaded facts in the complaint are assumed to be true and are viewed in the light most favorable to the plaintiff.[6] Allegations that merely state legal conclusions, however, need not be accepted as true.[7]

---

[2]*Ashcroft v. Iqbal*, - - - U.S. - - -, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twonbly*, 550 U.S. 544, 570 (2007)).

[3]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[4]*Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003).

[5]*Iqbal*, 129 S.Ct. at 1950.

[6]*See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

[7]*See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

**III. Analysis**

Plaintiff brings three causes of action: (1) hostile environment on the basis of gender; (2) hostile environment on the basis of religion; and (3) a retaliation claim. Defendants assert that Plaintiff's allegations are so general that they do not adequately inform them of the actual grounds of the claims against them. The Court disagrees. Plaintiff's complaint names the specific person who allegedly directed the unwelcome sexual and religious comments at Plaintiff. "Under the liberal standard of notice pleading, plaintiff is not required to give detailed factual allegations about the sexual comments and innuendos to which she was subjected."[8] In addition, Plaintiff's complaint names the individual to whom Plaintiff complained about the treatment she was receiving and states his response to her complaint.

Here, Plaintiff has stated that she was subject to offensive, ridiculing, and insulting comments concerning her gender and her religious beliefs from her immediate supervisor. She also states that she contacted management concerning this conduct and was told she could either work with her immediate supervisor or be fired. Plaintiff states that this led to her constructive discharge. Although the factual allegations are not detailed, they give Defendants notice as to Plaintiff's claims, and the complaint states a claim to relief that is plausible on its face. Viewing the facts as true and in the light most favorable to Plaintiff, the Court finds that Plaintiff has stated a claim and denies Defendants' motion to dismiss.

**IT IS ACCORDINGLY ORDERED** this 25th day of January, 2010 that Defendants' Motion to Dismiss (Doc. 3) is hereby denied.

---

[8] *Gilliland v. Nat'l Envelope-Lenexa, LLC*, 2008 WL 2273631, at *1 (D. Kan. June 2, 2008).

**IT IS FURTHER ORDERED** that Plaintiff's Amended Complaint (Doc. 15) is stricken, and Plaintiff is directed to file the proposed Amended Complaint attached to her Motion for Leave to File an Amended Complaint (Doc. 7-1).

**IT IS SO ORDERED**.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE