## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARJORIE TOWNLEY, | ) |
|                Plaintiff, | ) |
| vs. | ) |
| | ) |
| AMERICAN BOOK CO., D/B/A | ) |
| BOOK WAREHOUSE OF OLATHE, | ) |
| KANSAS, INC., | ) |
| Serve: | ) |
| Registered Agent of Book Warehouse of | ) |
| Olathe, Kansas, Inc. | )Cause of Action No: 09-CV-2109 EFM/KMH |
| The Corporation Company | ) |
| 515 South Kansas Avenue, | ) |
| Topeka, KS 66604 | ) |
| and | ) |
| BLUE VASE, INC., | ) |
| Serve: | ) |
| Registered Agent of Blue Vase, Inc. | ) |
| The Corporation Company | ) |
| 515 South Kansas Avenue, | ) |
| Topeka, KS 66604 | ) |
|                Defendants. | ) |

## AMENDED COMPLAINT

Plaintiff, by and through her undersigned attorney, brings this action against American Book Co., d/b/a Book Warehouse of Olathe, Kansas, Inc. and Blue Vase, Inc. (hereinafter "Defendants"). Plaintiff upon her personal knowledge as to her own acts and status and upon information and belief as to others, alleges as follows:

### VENUE AND JURISDICTION

1.      This matter alleges gender discrimination, religious discrimination and retaliation and is brought pursuant to the provisions of Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"), as amended 42 U.S.C. §2000e, *et seq.*

-1-

2.      The Court has jurisdiction pursuant to 28 U.S.C.§§1331 and 1332.

3.      Venue is proper in this Court pursuant to 28 U.S.C.§1391(b)(2) given that a substantial part of the actions giving rise to this lawsuit occurred in this district.

## PARTIES

4.      Plaintiff, Marjorie Townley, is a female and former employee of Defendants and at all relevant times as to the allegations contained in her complaint, was employed by the Defendants.

5.      Defendant American Book Co., d/b/a Book Warehouse of Olathe Kansas, Inc. is a corporation engaged in doing business in the State of Kansas with a physical facility located at Great Mall of the Great Plains, 20321 W. 151st Street, Olathe, KS 66061.

6.      Defendant Blue Vase, Inc. is a corporation engaged in doing business in the State of Kansas with a physical facility located at Great Mall of the Great Plains, 20321 W. 151st Street, Olathe, KS 66061.

7.      Defendants are engaged in an integrated enterprise concerning Plaintiff's employment.

## FACTS COMMON TO ALL COUNTS

8.      Plaintiff hereby incorporates paragraphs one (1) through seven (7) as though fully set forth herein.

9.      Plaintiff, a female, is a member of a protected class.

10.     Plaintiff was employed by Defendants in their facility located at Great Mall of the Great Plains, 20321 W. 151st Street, Olathe, KS 66061 and their Lawrence, KS facility

from June 19, 2007 until July 6, 2008.

11.     Plaintiff was qualified to perform and performed her job related duties in a satisfactory manner.

12.     From the beginning of Plaintiff's employment until the time of her constructive discharge Defendants, by and through its agents, subjected Plaintiff to discrimination in the terms of conditions of employment by allowing ridicule, demeaning, offensive and insulting comments about her gender and religious beliefs that were sufficiently severe or pervasive as to alter her working conditions and therefore creating a hostile work environment based upon gender and religion.

13.     Defendants, by and through its agents, engaged in the following types of behavior:

a)      Failing to have policies and procedures in place for reporting complaints of sex discrimination, religious discrimination and hostile work environment.

b)      Allowing Plaintiff's immediate supervisor, Brian Miller, to continue to engage in derogatory, offensive, ridiculing and insulting comments concerning Plaintiff's sex as well as her religious beliefs.

c)       Defendants failed to take prompt remedial steps to correct his offensive behavior and offensive actions when management became aware of Mr. Miller's comments to Plaintiff.

d)      After contacting management of the Defendants, specifically Pat O'Connor, concerning Mr. Miller's conduct and behavior Plaintiff was informed on July 8, 2008 that she could either agree to work with Mr. Miller and his management style or she could choose to disagree and be

fired.

14.     On July 9, 2008, based upon Defendants' July 8, 2008 response to Plaintiff's complaints about Mr. Miller Plaintiff was left with no other option than to be constructively discharged.

## COUNT I - VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AS AMENDED - HOSTILE WORK ENVIRONMENT BASED ON GENDER

15.     Plaintiff incorporates paragraphs one (1) through fourteen (14) as fully set forth herein.

16.     Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission, Charge No. 846-2008-48177 within 180 days of the last discriminatory event.

17.     Defendants employs between 101 and 200 persons.

18.     Defendants employs between 400 and 500 persons.

19.     Defendants employs in excess of 500 employees.

20.     Plaintiff received her notice of Right to Sue letter from the EEOC on December 9, 2008. This lawsuit has been filed within ninety (90) days of said date.

21.     Defendants failed to provide written reasonable policies and procedures addressing issues relating to the reporting of sex discrimination and religious discrimination in the workplace.

22.     Defendants failed to take prompt remedial measures once they became aware of the conduct in the workplace that might be construed as sexually hostile and/or discriminatory thus creating a hostile work environment.

-4-

23.     Defendants, through its management failed to investigate complaints by the Plaintiff as to Brian Miller's conduct.

24.     Plaintiff was subjected to Brian Miller's unwelcome and offensive sexually insulting, ridiculing, offensive and demeaning comments and behavior as well as derogatory statements referring to her gender creating a sexually offensive work environment.

25.     Brian Miller's conduct, actions and comments established a workplace that was permeated with discrimination, intimidation, ridicule and insults that was sufficiently severe or pervasive that it altered the conditions of plaintiff's employment and created an abusive working environment.

26.     Plaintiff has been discriminated against in the terms of conditions of her employment by being subjected to unwelcome and offensive sexually demeaning comments creating a sexually hostile work environment, in violation of Title VII.

27.     As a result of the above and foregoing Plaintiff was constructively discharged by being required to work under conditions which could reasonably be considered as intolerable and unlawful under Title VII.

28.     Defendants' conduct caused substantial injury to Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendants for  compensatory and punitive damages for intentional and willful violations of Title VII and  reasonable attorney's fees and costs as the Court may deem just and equitable.

**COUNT II - VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AS AMENDED- HOSTILE WORK ENVIRONMENT ON THE BASIS OF RELIGION**

29.     Plaintiff hereby incorporates paragraphs one (1)  through twenty-eight (28) as

though fully set forth herein.

30.     Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission, Charge No. 846-2008-48177 within 180 days of the last discriminatory event.

31.     Defendants employs between 101 and 200 persons.

32.     Defendants employs between 400 and 500 persons.

33.     Defendants employs in excess of 500 employees.

34.     Plaintiff received her notice of Right to Sue letter from the EEOC on December 9, 2008. This lawsuit has been filed within ninety (90) days of said date.

35.     Plaintiff, a person who held certain religious beliefs, was intimidated, ridiculed and insulted by Brian Miller to such a degree as to create a hostile work environment because of those religious beliefs.

36.     Defendants failed to provide written reasonable policies and procedures addressing issues relating to the reporting of sex discrimination and religious discrimination in the workplace.

37.     Defendants failed to take prompt remedial measures once they became aware of the conduct in the workplace that might be construed as offensive based on Plaintiff's religious beliefs and as such created a hostile work environment. This conduct included comments made by Defendants' agent, Brian Miller.

38.     Defendants, through its management, failed to investigate whether Brian Miller's conduct and management style might be offensive to Plaintiff due to her religious beliefs.

39.     As a result of the above and foregoing Plaintiff was constructively discharged by

being required to work under conditions which could reasonably be considered as intolerable and unlawful under Title VII.

40.    Defendants's conduct caused substantial injury to Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendants for  compensatory and punitive damages for intentional and willful violations of Title VII and  reasonable attorney's fees and costs as the Court may deem just and equitable.

## COUNT III - VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AS AMENDED-RETALIATION

41.    Plaintiff incorporates paragraphs one (1) through forty (40) as fully set forth herein.

42.    Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission, Charge No. 846-2008-48177 within 180 days of the last discriminatory event.

43.    Defendants employs between 101 and 200 persons.

44.    Defendants employs between 400 and 500 persons.

45.    Defendants employs in excess of 500 employees.

46.    Plaintiff received her notice of Right to Sue letter from the EEOC on December 9, 2008. This lawsuit has been filed within ninety (90) days of said date.

47.    Defendants failed to provide written reasonable policies and procedures addressing issues relating to the reporting of sex discrimination and religious discrimination in the workplace.

48.    Defendants failed to take prompt remedial measures once they became aware of

-7-

the conduct in the workplace that might be construed as offensive based on Plaintiff's religious beliefs and as such created a hostile work environment. This conduct included comments made by Defendants' agent, Brian Miller.

49.    After complaining to management concerning Brian Miller's abusive, offensive, discriminatory management style as it relates to her religious beliefs and gender Plaintiff suffered retaliation in the terms and conditions of her employment.

50.    Plaintiff was informed that she could either work with Mr. Miller or leave.

51.    Plaintiff was discriminated against in the terms and conditions of her employment as a result of retaliation by her employer in violation of Title VII.

52.    As a result of the above and foregoing Plaintiff suffered retaliation which could be considered intolerable and unlawful under Title VII.

53.    Defendants' conduct caused substantial injury to Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendants for  compensatory and punitive damages for intentional and willful violations of Title VII and  reasonable attorney's fees and costs as the Court may deem just and equitable.

## GENERAL PRAYER FOR RELIEF

Plaintiff prays for all further relief as the Court deems just and appropriate.

## DESIGNATION FOR PLACE OF TRIAL AND JURY DEMAND

COMES NOW, plaintiff, by and through the undersigned, and hereby requests a jury trial on all issues in the above referenced matter. Plaintiff hereby designates Kansas City, Kansas as the appropriate place of trial for the above and foregoing.

Respectfully submitted by:

s/ Barry R. Grissom
Barry R. Grissom     KS #10866
GRISSOM LAW OFFICE
10990 Quivira, Suite 200
Overland Park, KS 66210
(913) 341-6616
(913) 491-6398-Fax
**ATTORNEY FOR PLAINTIFF**


                                        s/ Barry R. Grissom
                                        Barry R. Grissom